Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBERS** | 10-cv-4387, 11-cv-6914, 11-cv-7189, 11-cv-7395, 11-cv-7607, 11-cv-7647 | **DATE** | 5/8/12 |
| **CASE TITLES** | Helferich Patent Licensing, L.L.C. v. The New York Times Company; Helferich Patent Licensing, L.L.C. v. Best Buy Co., Inc.; Helferich Patent Licensing, L.L.C. v. The Bon-Ton Stores, Inc.; Helferich Patent Licensing, L.L.C. v. G4 Media, LLC; Helferich Patent Licensing, L.L.C. v. CBS Corporation; and Helferich Patent Licensing, L.L.C. v. Bravo Media, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff Helferich Patent Licensing, L.L.C. has filed a Motion to Lift the Stay in its Complaint filed against Defendant The New York Times Company [119]. This Motion to Lift the Stay is granted. Defendants in related cases (Best Buy Co., Inc. [39]; The Bon-Ton Stores, Inc. [38]; G4 Media, LLC [36]; CBS Corporation [30]; and Bravo Media, LLC [31]) have also filed Motions to Stay Proceedings in their related cases pending reexamination of all asserted patents at issue in their cases. The Defendants' Motions to Stay Proceedings are denied. Defendant Best Buy's Motion to Join Defendants' Surreply [56] is denied as moot. Status hearing set for 5/10/12 is re-set to 6/12/12 at 9:30 a.m. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Helferich Patent Licensing, L.L.C. ("HPL") initiated this patent infringement action against Defendant The New York Times Company on July 14, 2010. On March 23, 2011, The New York Times Company moved for a stay in the case pending the reexamination of the three asserted patents by the United States Patent and Trademark Office ("PTO"). The parties expected a decision to be reached by the PTO no later than May 25, 2011, and with this date in mind, the stay was granted as to this case. (Hr'g Tr. 3:11 - 3:14, April 5, 2011.) Now, nearly a year later, the stay of proceedings in the New York Times case is still in effect. HPL seeks to have the stay lifted. Similarly, Defendants in the related, later-filed patent infringement cases (collectively, "Other Defendants") move to stay proceedings in these other cases pending another reexamination of all asserted patents. HPL opposes these motions to stay.

Granting a stay pending the reexamination of patent claims is within the discretion of the trial court. *See Viskase Corp. v. American Nat'l Can Co.,* 261 F.3d 1316, 1328 (Fed. Cir. 2001). In ruling on a motion to stay proceedings, a court shall consider the likelihood of a stay to: "(1) unduly prejudice or tactically disadvantage the non-moving party, (2) simplify the issues in question and streamline the trial, (3) reduce the burden of litigation on the parties and on the court." *Fujitsu Limited v. Tellabs Operations, Inc.*, Nos. 08-CV-3379, 09-CV-4530, 2012 WL 987272, at *3 (N.D. Ill. March 21, 2012). The party seeking the stay has the burden of demonstrating that a stay is warranted. *Id.* A stay is no ordinary measure, and "if there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make

| STATEMENT |
|---|

out a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The New York Times Company and the Other Defendants have failed to show why the issuance of a stay (or a continued stay, in the case of the New York Times Company) is warranted.

Defendants argue that the stays they seek would not unduly prejudice or disadvantage HPL. While a simple delay alone would not necessarily cause undue prejudice to HPL, the possible delays Defendants' motions to stay proceedings would create are significant. As HPL explains in its motion to lift the stay in the New York Times Company case, these stays could cause the litigation to be delayed anywhere from three to five years. (HPL's Mot. To Lift Stay at 4.) Additionally, it is apparent that Defendants may appeal the third reexamination decisions issued by the PTO. (Hr'g Tr. 8:21 - 8:25, February 22, 2012.) The potential for a delay lasting years is prejudicial to HPL, and the term of the proposed delay is indefinite.

Defendants also argue a stay in these proceedings would streamline the case, by potentially eliminating patent claims. Considering the proposed stays relate to the *third* round of reexaminations, this argument has little persuasive value. *See Itex, Inc. v. Mount Vernon Mills, Inc.*, No. 08-CV-1224, 2010 WL 3655990, at *2 (N.D. Ill. Sep. 9, 2010) (denying a motion to stay pending reexamination, and noting "patents enjoy a presumption of validity in the absence of clear and convincing evidence of invalidity . . . and as the plaintiffs point out, the [patent at issue] has survived two reexaminations before the PTO. Without passing any judgment on the viability of the invalidity defenses in either the '05 or '08 cases, it strikes this court as overly speculative to stay this case based on the possibility that the . . . defendants will overcome the presumption of patent validity.") Furthermore, even after the third round of reexamination is completed, it is possible some or most claims will remain, though perhaps amended, in the litigation before this Court. (HPL's Motion to Lift Stay at 10). To permit a continued stay in the New York Times case and grant stays in the Other Defendants' cases would cause undue delay and create additional expense and hardship for HPL. Permitting stays in these cases would serve only to prejudice the plaintiff, HPL, and the stays sought by the Defendants are, at best, strategic delay tactics. The Motions to Stay in the Other Defendants' cases are denied, and the Motion to Lift the Stay in the New York Times case is granted.